IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CR 006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KAYLUN DAITWAN FULLWOOD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a Violation Report (#19) filed in the above entitled cause on August 5, 2013 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant has violated terms and conditions of his presentence release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Fredilyn Sison, and the Government was present through Assistant United States Attorney, Richard Edwards, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, denied the allegations contained in the Violation Report. The

1

Government introduced, without objection, the Violation Report into evidence. Testimony was ten presented through Tamara Styles, United States Probation Officer.

The Defendant was charged in a bill of indictment (#1) filed on January 16, 2013 with knowingly possessing a firearm on the grounds of a school zone, in violation of 18 U.S.C. § 922(q)(2)(A) and 922(a)(4). A hearing was held in regard to the detention of Defendant on January 24, 2013. On that date, the undersigned entered an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which including the following:

(8)(i) Defendant is to have no contact with anyone involved in unlawful use, possession or trafficking of drugs or any other unlawful conduct.

(8)(s) Participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.

Defendant was restricted to his residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court ordered obligations, or other activities that were pre-approved by the Office of Probation and Pretrial Services.

On July 31, 2013, Defendant was to be at his place of employment at AMA Wireless which is located on Patton Avenue in Asheville, NC. Defendant was to

be at work from 9:00 a.m. to 7:00 p.m. and he was to have a one hour break for lunch which is usually between 11:00 a.m. to 1:00 p.m.

Through the testimony of Officer Styles, the Government presented to evidence a video recording made from a security camera located above a door at Greene's Mini Mart which is located at 414 Depot Street in Asheville, NC. The video shows that at approximately 5:45 p.m. the Defendant, instead of being at work, was at Green's Mini Mart. The video shows Defendant meeting with various young men, many of which were dressed, in part, in red colored clothing. Defendant and the men are seen standing and congregating in various parts of the parking lot. Finally, at one point, Defendant leaves the group of men and walks to a black Mercedes vehicle, which Defendant had told Officer Styles belonged to him. Within seconds after Defendant entered the driver's side of the Mercedes vehicle, Defendant is approached by another young man who walks across the parking lot of Green's Mini Mart from the area where the young men had been meeting. The young man stands at the driver's door for a few seconds and then begins walking back across the parking lot. Defendant then pulls his vehicle in the same direction of the young man creating a "moving screen" for the young man between the young man and an apartment complex located across the road from Green's Mini Mart. Defendant then abruptly turns his vehicle to the left in an

attempt to circle away from the young man. The young man then begins running across the remainder of the parking lot and can be seen shooting a firearm across Depot Street in the direction of the apartment complex. The young man can then be seen running behind Green's Mini Mart while Defendant speeds away down another street. In her testimony, Officer Styles described that she was advised by Asheville Police Department officers who were investing the matter, that shots were returned and a customer of the store, who was sitting in a car parked in the parking lot, was struck and hit in the shoulder by a bullet.

Officer Styles discussed with officers of the Asheville Police Department the identities of the young men with whom Defendant was congregating. She was advised by the police officers that several of the young men had criminal convictions, including convictions for possession of controlled substances. The officers further told Officer Styles that the young men with whom Defendant was meeting were gang members of the United Blood Nation criminal organization and that Defendant was a member of a subset of that organization known as "Nine Tre".

According to the testimony of Officer Styles, Green's Mini Mart is located approximately a twelve minute drive away from the home of Defendant and is also located about twelve minutes travel time away from the place of employment of

Defendant.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds by clear and convincing evidence that Defendant violated conditions of release that required him to be restricted to his residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court ordered obligations, or other activities pre-approved by the Office of Probation and Pretrial Services. Defendant was away from his place of

employment and his home at Green's Mini Mart which is a place that he was not allowed to travel and at a time when he was to be at work or at his home. Although not presenting any evidence, Defendant's counsel contended that Defendant had gone to Green's Mini Mart to obtain his supper meal. The video evidence in the case does not support this contention. Defendant has no objects in his hands, such has a bag which could contain food, and the defendant is not seen eating any food item. The video, for approximately a ten minute period of time, shows Defendant meeting with and talking with the young men who are dressed in red and others and then immediately thereafter Defendant clearly participating in a shooting event.

There has further been shown by clear and convincing evidence that Defendant violated the condition of release that Defendant is to have no contact with anyone involved in the unlawful use, possession or trafficking of drugs or involved in any other unlawful conduct. Defendant is seen in the video of making contact with and conversing with persons who are known to the Asheville Police Department as persons with prior drug arrests.

Due to the findings made above and due to the acts of Defendant as seen on the video, it appears there is clear and convincing evidence that Defendant has violated the above referenced terms and conditions of his release. The undersigned

further finds that based upon Defendant's actions of the evening of July 31, 2013, there are no condition or combination of conditions of release that would assure that Defendant will not flee or pose a danger to the safety of any other person or the community and it is further shown that Defendant is unlikely to abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** Defendant be detained pending further proceedings in this matter.

Signed: August 19, 2013

Dennis L. Howell
United States Magistrate Judge