# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:13-cr-00006-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> KAYLUN DAITWAN FULLWOOD, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letters, which the Court construes as motions for sentencing credit. [Docs. 100, 101, 102, 103].

In January 2013, the Defendant was charged with possession of a firearm in a school zone. [Doc. 1]. He pled guilty to this charge in April 2013. [Doc. 11]. In September 2013, he was sentenced to a time served sentence and ordered to complete three years of supervised release. [Doc. 28]. In December 2014, the Defendant was charged with violating the terms of his supervised release. [Doc. 51]. In March 2015, the Court reinstated the Defendant to supervision and continued him on supervision. [Doc. 63]. In June 2015, the Defendant was again charged with violating the terms of his

supervised release. [Doc. 66]. In August 2015, the Defendant's supervised release was revoked, and he was sentenced to a term of 3 months' imprisonment and 24 months of supervised release. [Doc. 80].

The Defendant was again charged with violating the terms of his supervised release in October 2016. [Doc. 83]. While that revocation petition was pending, the Defendant was charged in Criminal Case No. 1:17-cr-00010 with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841. [Criminal Case No. 1:17-cr-00010-MR-WCM, Doc. 1]. The Defendant pled guilty to that charge in December 2017. [Doc. 30].

On February 15, 2018, the Court revoked the Defendant's term of supervised release in No. 1:13-cr-00006, and sentenced him to 12 months' imprisonment, to run consecutively to any undischarged term of imprisonment previously or hereafter imposed. [Doc. 99]. On March 20, 2018, the Court sentenced the Defendant to a term of 60 months' imprisonment in No. 1:17-cr-00010, with such term to run consecutively to the 12-month term imposed in No. 1:13-cr-00006. [Criminal Case No. 1:17-cr-00010-MR-WCM, Doc. 40]. The Defendant now moves the Court to give him sentencing credit for three months that he claims he has over-served on his supervised release revocation. [Docs. 100, 101, 102, 103].

The Defendant's motions must be denied.  The Attorney General, not the sentencing court, is responsible for computing a prisoner's credit.  United States v. Wilson, 503 U.S. 329, 335 (1992).  A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners.  Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation.  Id.  Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement.  In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons.  Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's letters [Docs. 100, 101, 102, 103], which the Court construes as motions for sentencing credit, are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 16, 2019

Martin Reidinger
United States District Judge